IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW BLANCH, | § | |
| | § | |
| Defendant Below, | § | No. 272, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N2301015397 |
| | § | |
| Appellee. | § | |

Submitted: December 12, 2024
Decided: February 13, 2025

Before **SEITZ,** Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)   A Superior Court jury found the appellant, Andrew Blanch, guilty of criminal contempt of a domestic violence protective order. The jury acquitted Blanch of multiple charges of noncompliance with bond conditions. The Superior Court sentenced Blanch to serve 364 days in prison, with credit for 364 days previously served. This is Blanch's direct appeal.

(2)   Blanch's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious review

of the record and the law, the appeal is without merit. In his statement filed under Rule 26(c), counsel indicates that he provided Blanch with a copy of the motion to withdraw and the accompanying brief and informed Blanch of his right to submit any points that he wanted this Court to consider on appeal. Blanch has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Blanch could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.


BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice